UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
HAMEED GHANY

                            Plaintiff,

      -against-                              **AMENDED COMPLAINT**
                                                          (Jury Trial Demanded)

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
JENNIFER MARTINEZ, TAX ID #943528, POLICE      16-CV-3786 (NG) (JO)
OFFICER MARK SHAKEL, SHIELD #15081, and
LIEUTENANT/SERGEANT/POLICE OFFICERS
JOHN DOES and/or JANE ROES Nos. 1-10
(whose names are unknown at this time),
ALL OF THE 106 PRECINCT,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiff HAMEED GHANY, by his attorney Rochelle S. Berliner, Esq., for his amended complaint, alleges as follows:

## NATURE OF THE ACTION

      1.    This civil rights action arises from the false arrest and illegal detainment of Hameed Ghany on April 14, 2015. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## JURISDICTION

      2.    This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff asks this Court to exercise pendent

jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do Plaintiff's federal claims.

## VENUE

3. Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

4. Mr. Hameed Ghany is a citizen of the United States and resides at 133-20 Lefferts Boulevard, South Ozone Park, New York 11420.

5. Defendant Police Officer JENNIFER MARTINEZ ("Defendant Martinez"), Police Officer MARK SHAKEL ("Defendant Shakel"), Defendant Lieutenant/Sergeant/Police Officers JOHN DOES and/or JANE ROES ("Defendant Does and/or Roes") Nos. 1-10, were, at all times relevant herein, members of the New York City Police Department ("NYPD"). Upon information and belief, at all times relevant herein, they were assigned to the 106th Precinct.

6. Upon information and belief, Defendant Martinez, Defendant Shakel, Defendant Does and/or Roes Nos. 1-10 are still members of the NYPD. At all times relevant herein, they were acting within the scope of their employment and under color of law.

7. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of the individually named defendants.

## ADMINISTRATIVE PREREQUISITES

8. On July 10, 2015, Mr. Ghany filed a timely Notice of Claim with Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law. An Amended Notice of Claim was filed on September 10, 2015.

9. At least thirty days have elapsed since Mr. Ghany filed the Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

10. A 50-h Hearing was held on November 9, 2015.

## FACTS UNDERLYING THE COMPLAINT

11. On or about February 24, 2015, Plaintiff, a 42-year-old licensed practical nurse, was arraigned in Queens Criminal Court on charges stemming from an alleged incident with his 16-year-old daughter.

12. A full order of protection, in favor of his daughter, was issued, which stated specifically that it was subject to subsequent modification by Family Court.

13. Moreover, this order of protection was to remain in force until and including August 23, 2015, and specifically stated that "Arresting officer should confirm that this Order has not been modified or vacated prior to [August 23, 2015]."

14. On or about March 12, 2015, Plaintiff was issued a modified order of protection by Family Court that permitted him to return to his home and live with his wife and daughters, but prohibited him from using corporal punishment. This order of protection was to remain in effect until April 23, 2015, or until a later date set by the Court.

15. Between March 12, 2015, and April 14, 2015, a caseworker from the Administration of Children's Services ("ACS") had visited Plaintiff's home approximately three times, while Plaintiff was present, without incident.

16. On or about April 14, 2015, at approximately 7:00 p.m., Plaintiff was at his home with his family when Ms. Bonita Riggins from ACS arrived.

17. A short time later, while Plaintiff was meeting with Ms. Riggins, Defendant Martinez, tax ID #943528, Defendant Shakel, Shield #15081, and Defendants Does and/or Roes knocked on his door and subsequently entered his home, asserting that Plaintiff could not be there.

18. Plaintiff explained to Defendant officers that the Criminal Court Order of Protection was modified by Family Court which allowed Plaintiff to return home;

19. Plaintiff made available the Family Court order of protection to Defendant officers.

20. Defendant Martinez told Plaintiff she was not interested in the Family Court document and ignored Plaintiff's modified order of protection from Family Court which would have verified that he was permitted to be at his home, while Defendant Shakel stood by and remained silent.

21. Moreover, Ms. Riggins, the ACS caseworker who was present, corroborated Plaintiff's assertion that, because a Family Court Judge modified the Criminal Court Order of Protection, he was permitted to return and live at home with his wife and daughters during the pendency of his criminal case.

22. There were no allegations that Plaintiff used corporal punishment or otherwise violated the Family Court order of protection.

23. Plaintiff was subsequently taken to the 106th Precinct, and later to Central Booking, where his arrest was processed despite repeated requests that police officers investigate the validity of the Family Court order of protection that demonstrated that he was not in violation of any court order.

24. Plaintiff was charged with Criminal Contempt in the Second Degree under N.Y.P.L. 215.50(3) and spent approximately 18 hours in custody until he was released on his own recognizance at arraignment.

25. Plaintiff appeared in court on two additional dates for this case.

26. On July 21, 2015, the case against Plaintiff was dismissed pursuant to C.P.L. §30.30.

27. As a result of this incident and of Defendants' failure to investigate the validity of the Order of Protection both prior to and subsequent to Plaintiff's arrest, Plaintiff suffered and continues to suffer fear and distrust of police, having sought counseling as a result of this incident. Plaintiff has also suffered from loss of wages and/or personal days as well as having paid legal expenses for representation in court.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Deprivation of Rights under 42 U.S.C. § 1983)**

28. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 27, as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived Plaintiff Hameed Ghany of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth

and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

34. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

35. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

36. As a result of the foregoing, Plaintiff Hameed Ghany was deprived of his liberty and right to substantive due process, causing severe emotional and psychological harm.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

37.     Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38.     On April 14, 2015, one or more of the individual defendants placed handcuffs on and detained Mr. Ghany.

39.     Defendants did not have probable cause to believe that Mr. Ghany had committed any crime.  Put simply, Mr. Ghany did not engage in any conduct that warranted his arrest and detention since there was no Order of Protection in effect that commanded Mr. Ghany to stay away from his home.

40.     Because the individual defendants knew of and had access to a modified order of protection that was corroborated by the ACS worker who was present at the scene, defendants knew or should have known they did not have probable cause to believe Mr. Ghany had committed a crime.

41.     Because the individual defendants did not have probable cause to believe that Mr. Ghany had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

42.     As a result of his detention by the individual defendants, Mr. Ghany's liberty was restricted for an extended period of time.  Mr. Ghany suffered psychological injury, and continues to suffer psychological injury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unlawful Imprisonment under 42 U.S.C. § 1983)

43.     Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. As a result of the individual defendants' conduct, Mr. Ghany was detained in a cell both at the precinct and at Central Booking, and at all times he knew he was detained. Moreover, Mr. Ghany did not consent to his confinement.

45. As the behavior of Mr. Ghany provided no justification for these defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

46. As a result of defendants' conduct, Mr. Ghany suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Malicious Prosecution under 42 U.S.C. § 1983)**

47. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 46, as if fully set forth herein.

48. On April 14, 2015, Defendant Martinez, Defendant Shakel, and/or one or more of the individual defendants, without legal justification or probable cause and with malice arrested Mr. Ghany.

49. In prosecuting Mr. Ghany, the Court relied upon information provided by Defendant Martinez, Defendant Shakel and/or one or more of the individual defendants.

50. Ultimately, the charges against Mr. Ghany terminated in his favor. On July 21, 2015, after two court appearances, the charges against him were dismissed.

51. As the behavior of Mr. Ghany provided no justification for these individual defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

52. As a result of this baseless prosecution, Mr. Ghany suffered loss of freedom and was required to appear in court two times following his arraignment. Mr. Ghany suffered psychological injury, and continues to suffer psychological injury.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

53. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 52, as if fully set forth herein.

54. Defendants had an affirmative duty to intervene on behalf of Plaintiff Hameed Ghany, whose constitutional rights were being violated in their presence by other officer(s).

55. The defendants failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, Plaintiff Hameed Ghany suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 56, as if fully set forth herein.

58. The supervisory defendants personally caused Plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Deprivation of Rights Under the New York State Constitution)

59. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 58, as if fully set forth herein.

60. By the actions described above, the individual defendants unlawfully arrested and detained Mr. Ghany not reasonably justified by any circumstances, resulting in an unjust prosecution, thereby violating Mr. Ghany's rights secured by Article 1, Section 6 of the New York State Constitution.

61. As a consequence thereof, Plaintiff Hameed Ghany has been injured.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under State Law)

62. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 61, as if fully set forth herein.

63. On April 14, 2015, one or more of the individual defendants placed handcuffs on and detained Mr. Ghany.

64. Defendants did not have probable cause to believe that Mr. Ghany had committed any crime. Put simply, Mr. Ghany did not engage in any conduct that warranted his arrest and detention and there was no legal justification for his arrest since there was no valid Order of Protection in effect that commanded Mr. Ghany to stay away from his home.

65. Because the individual defendants knew of and had access to a modified order of protection that was corroborated by the ACS worker who was present at the scene, defendants knew or should have known they did not have probable cause to believe Mr. Ghany had committed a crime.

66. Because the individual defendants did not have probable cause to believe that Mr. Ghany had committed a crime, his detention was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

67. As a result of his arrest and subsequent detention by the individual defendants, Mr. Ghany's liberty was restricted for an extended period of time without probable cause. Mr. Ghany suffered psychological injury, and continues to suffer psychological injury.

68. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

69. As the employer of the individual defendants, Defendant City is responsible for Mr. Ghany's injuries under the doctrine of *respondeat superior*.

### AS AND FOR A TENTH CAUSE OF ACTION
### (Unlawful Imprisonment under State Law)

70. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 69, as if fully set forth herein.

71. On April 14, 2015, as a result of the individual defendants' conduct, Mr. Ghany was detained in a cell both at the precinct and at Central Booking.

72. Because these defendants did not have probable cause to believe that Mr. Ghany had committed a crime, no legal justification existed for his arrest and detainment.

73. The confinement of Mr. Ghany was not otherwise privileged.

74. Mr. Ghany was conscious of said confinement and did not consent to same.

75. As a result of the foregoing, Mr. Ghany was falsely imprisoned and his liberty was restricted for an extended period of time. Mr. Ghany suffered loss of freedom, psychological injury, and continues to suffer psychological injury.

76. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

77. As the employer of the individual defendants, Defendant City is responsible for Mr. Ghany's injuries under the doctrine of *respondeat superior*.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Malicious Prosecution under State Law)

78. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 77, as if fully set forth herein.

79. On April 14, 2015, Defendant Martinez, Defendant Shakel, and/or one or more of the individual defendants, without legal justification and with malice arrested Mr. Ghany.

80. As a result of the arrest, Mr. Ghany was required to appear in court. In prosecuting Mr. Ghany, the Court relied upon information provided by Defendant Martinez, Defendant Shakel, and/or one or more of the individual defendants.

81. Ultimately, the charges against Mr. Ghany terminated in his favor. On July 21, 2015, after two court appearances, the charges against him were dismissed.

82. At all times relevant herein, defendants acted with malice. They knew, or should have known, that Mr. Ghany was actually innocent of the offenses with which he was charged.

83. As such, the conduct of defendants violated Mr. Ghany's rights protected by the New York State Constitution.

84. As a result of this baseless prosecution, Mr. Ghany suffered psychological injury, and continues to suffer psychological injury.

85. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

86. As the employer of the individual defendants, Defendant City is responsible for Mr. Ghany's injuries under the doctrine of *respondeat superior*.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Hiring and Retention under State Law)

87. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 86, as if fully set forth herein.

88. Upon information and belief, Defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Plaintiff Hameed Ghany.

89. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of Defendant Martinez, Defendant Shakel, and/or Defendants Does and/or Roes to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under State Law)

90. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 87, as if fully set forth herein.

91. Defendants owed a duty to act according to the standard of ordinary care of a police officer.

92. Defendants breached that duty by failing to act as ordinary police officers would.

93. Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Mr. Ghany.

94. As a result of the individual defendants' conduct, Mr. Ghany has been injured.

95. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

96. As the employer of the individual defendants, Defendant City is responsible for the injuries that Mr. Ghany suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under State Law)

97. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 96, as if fully set forth herein.

98. One or more of the defendants intentionally and deliberately inflicted emotional distress on Mr. Ghany by falsely arresting him at his home in front of his family and by illegally detaining him or by violating his constitutional rights. Defendants knew or should have known that emotional distress was the likely result of their conduct.

99. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

100. As a result of the Defendants' intentional, extreme and outrageous conduct, Mr. Ghany was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

101 The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

102. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Ghany suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress under State Law)

103. Plaintiff Hameed Ghany repeats and re-alleges the allegations contained in paragraphs 1 through 102, as if fully set forth herein.

104. One or more of the defendants negligently inflicted emotional distress on Mr. Ghany.

105. Defendants had a continuing affirmative duty to perform their duties as police officers in such a manner as not to inflict emotional distress on Mr. Ghany.

106. Mr. Ghany never interfered with the police officers obligations under the above-described duties.

107. As a result of the Defendants' negligent conduct, Mr. Ghany was, is, and, with a high degree of likelihood, will continue to be emotionally distressed.

108. The individual defendants were agents of Defendant City and were at all relevant times acting within the scope of their employment.

109. As the employer of the individual defendants, Defendant City is responsible for the injuries Mr. Ghany suffered, and continues to suffer, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

107. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Hameed Ghany prays for the following relief:

(a) compensatory damages in an amount to be determined at trial, but no less than $100,000;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.


Dated: Queens, New York
November 21, 2016

                                        ROCHELLE S. BERLINER, ESQ.
                                        Attorney for Plaintiff
                                        118-21 Queens Boulevard, Suite 504
                                        Forest Hills, New York 11375
                                        (718) 261-5600


By: _____/s/_____

Rochelle S. Berliner (RB 7463)